# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HANS JOHNS,

    Plaintiff,

v.

MICHELLE LEAVITT, DARREN
DAULTON, SEAN CLAGGETT, *et al.*,

    Defendants.

Case No. 2:08-CV-01510-KJD-GWF

**ORDER**

    Presently before the Court is Defendants Sean Claggett and Darren Daulton's Motion to Dismiss (#9).  Plaintiff filed a response in opposition (#15) to which Defendants replied (#17).  Also before the Court is Defendant Michelle Leavitt's Motion to Dismiss (#19).  Plaintiff filed a response in opposition (#22).  Additionally, before the Court is Defendant Barry Solomon's Motion to Dismiss (#28).  Plaintiff filed a response in opposition (#29) to which Defendant replied (#32).

I.  Background

    According to the allegations of the complaint, Defendant Darren Daulton ("Daulton") brought a state court action against Plaintiff Hans Johns ("Johns") in December 2006.  Daulton was represented in the action by Defendant Sean Claggett ("Claggett").  The state court complaint asserted claims of fraud, theft, civil RICO, violation of fiduciary responsibility, and embezzlement

1    amongst others.  The judge in the state case, Michelle Leavitt, appointed a receiver, Defendant Barry

2    Solomon, over most of Johns' assets for violating her orders.  Judge Leavitt then struck Johns'

3    answer in the action and entered Default for Daulton.

4         Plaintiff Johns then commenced this action in federal court asserting claims against Michelle

5    Leavitt for deprivation of state and federal constitutional rights as contained in his first claim, claims

6    against Sean Claggett and John Keamy for fraud on the court, deprivation of constitutionally

7    protected rights, and acting in concert with Leavitt, and claims against Defendant Barry Solomon for

8    fraud on the court, due process violations, abuse of the legal process and unreasonable seizure, and

9    claims against all Defendants for intentional infliction of emotional distress and conspiracy.

10        Plaintiff filed the present complaint on November 3, 2008.  Defendants Claggett and Daulton

11   then filed the present motion to dismiss asserting that the action is barred by the <u>Rooker-Feldman</u>

12   doctrine and that all federal claims must be dismissed.[1]

13   <u>II.  Standard for a Motion to Dismiss</u>

14        In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as

15   true and construed in a light most favorable to the non-moving party."  <u>Wyler Summit Partnership v.</u>

16   <u>Turner Broadcasting System, Inc.</u>, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

17   Consequently, there is a strong presumption against dismissing an action for failure to state a claim.

18   <u>See</u> <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

19        "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

20   as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937,

21   1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  Plausibility, in the

22   context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to

23   draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

24   _____

25        [1]The <u>Rooker-Feldman doctrine</u> does not apply in this action, because the state court judgment was not final
     when this action was filed and this action does not seek direct review of the state court's final order.  <u>See</u> <u>Exxon Mobil</u>
26   <u>Corporation v. Saudi Basic Inds. Corp.</u>, 125 S.Ct. 1517, 1521-22 (2005).  However, the state court proceedings do raise
     issues of preclusion which have not been argued by Defendants.  <u>See id.</u>

1    The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the

2    allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

3    which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the

4    Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

5    relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion

6    to dismiss. Id. at 1950.

7    III.  Analysis

8    Though Plaintiff's complaint appears to only bring claims against Daulton for conspiracy and

9    intentional infliction of emotional distress, Plaintiff's opposition appears to argue that all civil rights

10   claims apply to Daulton as well as Claggett.  Conspiracy and infliction of emotional distress are state

11   law causes of action which the Court will decline to assert supplemental jurisdiction over.  A district

12   court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over

13   which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue

14   of state law.  See 28 U.S.C. § 1367(c).  Accordingly, those state law claims are dismissed without

15   prejudice.

16   A.  Claims arising under 42 U.S.C. § 1983

17   Plaintiff alleges claims arising under 42 U.S.C. § 1983.  A section 1983 individual capacity

18   claim seeks to hold a state officer liable for actions he takes under color of state law.  See Kentucky

19   v. Graham, 473 U.S. 159, 165 (1985).  Section 1983 is not itself a source of substantive rights, but

20   merely the procedural vehicle by which to vindicate federal rights elsewhere conferred.  See Albright

21   v. Oliver, 510 U.S. 266, 273 (1994).  To make a prima facie case under § 1983, a plaintiff must show

22   that the defendant:  (1) acted under color of state law, and (2) deprived the plaintiff of a federal or

23   constitutional right.  See Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988).

24   In this case, Plaintiff has not alleged that Defendant Daulton is a state actor.  Therefore, the

25   Court must dismiss the claims arising under 42 U.S.C. § 1983, because Daulton is not acting under

26   the color of state law.  Furthermore, private parties may only be liable under 42 U.S.C. § 1983 where

1  they wilfully participate in joint action with state officials to deprive others of their constitutional

2  rights.  See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir.

3  1989)(*en banc*).  "To prove a conspiracy between private parties and the government under section

4  1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown."  Fonda

5  v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).  Plaintiff has failed to meet his burden in alleging that

6  Defendant Daulton, other than filing his complaint, came to a meeting of the minds to violate

7  Plaintiff's constitutional rights with anyone acting under color of state law.  In fact, amending the

8  complaint to allege such a claim would be futile, because it is clear that no such conspiracy exists

9  except in the mind of Plaintiff.  Plaintiff's claim is merely a conclusory assertion and does not

10  plausibly suggest an entitlement to relief.  See Iqbal, 129 S.Ct.  at 1949-51.

11       To the extent that Johns is claiming that Claggett acts under color of law as an officer of the

12  court, attorney's representing clients in court are not acting "under color of law" within the meaning

13  of section 1983.  See Hoai v. Vo, 935 F.2d 308 (D.C. Cir. 1991); Franklin v. Oregon, 662 F.2d 1337,

14  1345 (9th Cir. 1981); Blevins v. Ford, 572 F.2d 1336, 1339 (9th Cir. 1978).  Therefore, the claims

15  arising from the assertion that Claggett is a state actor, or that others colluded with Claggett, must be

16  dismissed.

17       B.  Judicial Immunity

18       To any extent that Plaintiff asserts that Michelle Leavitt is liable as a state actor or that she

19  conspired with the other Defendants, Plaintiff has pled no facts for which she may be liable, other

20  than actions taken in Leavitt's judicial capacity for which she has complete immunity.  It is well

21  established that judges have absolute immunity from civil liability for actions taken in their judicial

22  capacity.  See Pierson v. Ray, 386 U.S. 547 (1967); Asheiman v. Pope, 793 F.2d 1072 (9th Cir.

23  1986).  Actions are judicial if normally performed by the judge and if the parties dealt with the judge

24  in her judicial capacity.  See Asheiman, 793 F.2d at 1075.  Looking at the allegations of the

25  complaint in a light most favorable to Plaintiff, the Court finds that all of the actions by Leavitt that

26

1  Plaintiff complains of were taken by the defendant in her judicial capacity.  Therefore, the Court

2  must dismiss the complaint against her, because she is absolutely immune to suit.

3       C.  Claims arising under 42 U.S.C. § 1985

4       Plaintiffs cannot bring a cause of action under § 1985 as described in his complaint.  It

5  appears from his pleadings, that Plaintiff intends to assert a cause of action under 42 U.S.C. §

6  1985(3).  The Ku Klux Klan Act, codified as 42 U.S.C. § 1985 allows suits against persons who

7  conspire to (1) prevent an officer of the United States from discharging his duties or remaining in the

8  state where his duties are to be performed; (2) obstruct justice in a court of the United States; or (3)

9  deprive a class of persons of the equal protection of the equal protection of the laws by force or

10  intimidation.

11       Plaintiff cannot assert a claim under § 1985(3).  To bring an action under this section Plaintiff

12  must demonstrate (1) a deprivation of a right; (2) motivated by " some racial or perhaps otherwise

13  class-based invidiously discriminatory animus behind the conspirators' action."  See RK Ventures,

14  Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting Sever v. Alaska Pulp Corp., 978

15  F.2d 1529, 1536 (9th Cir. 1992)).  Plaintiff could satisfy the standing requirement if he was African-

16  American or a member of a class the federal government has determined "require and warrant special

17  federal assistance in protecting their civil rights."  Sever, 978 F.2d at 1536.  Plaintiff has not alleged

18  that he is African-American.  Nor has Plaintiff sufficiently alleged that he is a member of a protected

19  class.  Therefore, this claim is dismissed as to all Defendants.

20       D.  Claims arising under 42 U.S.C. § 1986 and 1988

21       Section 1986 creates a cause of action for failing to act to prevent a conspiracy mentioned in

22  section 1985.  Since the Court has dismissed the claims based on section 1985, it also dismisses any

23  claims based on section 1986.  Section 1988 allows an award of attorneys fees to a prevailing party in

24  a civil rights action and is not a separate cause of action upon which Plaintiff may prevail.

25  Accordingly, the Court dismisses any claims arising under this section.

26

1        E.  Second and Third Causes of Action: Deprivation of Rights – Fraud on the Court

2        Plaintiff cites _In re_ Intermagnetics America, Inc., 926 F.2d 912 (9th Cir. 1991) for the

3    proposition that he can bring a separate action for "fraud on the court."  However, the Intermagnetics

4    court merely agreed that a motion to set aside a judgment should be brought under Federal Rule of

5    Civil Procedure 60(b) in the court that issued the judgment that is alleged to have been fraudulently

6    obtained.  See id. at 916-17(citing Hazel-Atlas Glass Co. v. Hartford Empire. Co., 322 U.S. 238

7    (1944) (district courts may consider Rule 60(b) motions without leave of appellate courts for cases

8    already reviewed on appeal)).  Accordingly, no separate action exists for "fraud on the court", other

9    than Plaintiff filing a motion to set aside the judgment for fraud in the state court.  If every loser in a

10   state court action were allowed to bring a separate court action for fraud in the federal court, no state

11   court litigation would ever be resolved.  Therefore, these claims are dismissed as to all parties.

12       F. Claims against Barry Solomon

13       While Plaintiff correctly asserts that a court-appointed receiver acts under color of state law,

14   the receiver as a judicial officer shares quasi-judicial immunity with the judge.  See Lebbos v. Judges

15   of Sup. Ct., 883 F.2d 810, 818 n.10 (9th Cir. 1989); Stump v. Sparkman, 435 U.S. 349, 355-56

16   (1978); T&W Inv. Co. v. Kurtz, 588 F.2d 801 (10th Cir. 1978)(to deny the receiver this immunity

17   "would make [him] a lightning rod for harassing litigation aimed at judicial orders").  Accordingly,

18   the claims against Solomon must be dismissed because he is immune from the allegations of this

19   complaint, because Johns "had an opportunity to and did object throughout the state court

20   proceedings" to the actions of the receiver.  See id. at 803.  Actions taken when Solomon was no

21   longer the receiver were not taken under "color of state law" and therefore are, at best, claims arising

22   under state law which the Court declines to exercise supplemental jurisdiction over.

23       G.  Claims against John Keamy

24       The Court has quashed service on Defendant Keamy.  Other than "acting in concert" with

25   state actors, Plaintiff has made no surviving allegations that Keamy was acting under color of state

26   law.  Accordingly, the claims against Keamy are dismissed.  Even if the Court were not to dismiss

1  the claims against Keamy, the Court would dismiss the complaint against Keamy for failure to serve

2  him with the summons and complaint in accordance with Rule 4(m).

3       H.  Any remaining state law claims

4       A district court has discretion to decline to exercise supplemental jurisdiction over a claim if

5  all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or

6  complex issue of state law.  <u>See</u> 28 U.S.C. § 1367(c).  Since the Court has dismissed all claims over

7  which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over

8  Plaintiff's state law claims if any.

9  IV.  Conclusion

10       Accordingly, IT IS HEREBY ORDERED that  Defendants Sean Claggett and Darren

11  Daulton's Motion to Dismiss (#9) is **GRANTED**;

12       IT IS FURTHER ORDERED that Defendant Michelle Leavitt's Motion to Dismiss (#19) is

13  **GRANTED**;

14       IT IS FURTHER ORDERED that  Defendant Barry Solomon's Motion to Dismiss (#28) is

15  **GRANTED**;

16       IT IS FURTHER ORDERED that claims against Defendant John Keamy are **DISMISSED**;

17       IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants

18  and against Plaintiff.

19       DATED this 21ST day of September 2009.

20

21

22                  _____

23                  Kent J. Dawson
                United States District Judge

24

25

26